Kirk D. Dillman (SBN 110486)
kdillman@mckoolsmithhennigan.com
Michael John Miguel (SBN 145182)
MMiguel@McKoolSmithHennigan.com
Makenna Miller (SBN 329244)
mmiller@McKoolSmithHennigan.com
**MCKOOL SMITH HENNIGAN, P.C.**
300 South Grand Avenue, Suite 2900
Los Angeles, California 90071
Telephone: (213) 694-1200
Facsimile: (213) 694-1234

Attorneys for Plaintiff
NEUROBRANDS, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION AT LOS ANGELES

| | |
|---|---|
| NEUROBRANDS, LLC, | Case No. 2:21-cv-01772-FLA(ASx) |
| Plaintiff, | **PROTECTIVE ORDER** |
| vs. | Hon. Fernando L. Aenelle-Rocha<br>Courtroom: 6B |
| THE AMERICAN BOTTLE COMPANY, a Delaware Corporation; and KEURIG DR. PEPPER INC., a Delaware Corporation, | Magistrate: Hon. Alka Sagar |
| Defendants. | |

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

This Stipulation is made and entered into by and between Plaintiff, Neurobrands, LLC ("Neurobrands" or "Plaintiff"), and Defendants, THE AMERICAN BOTTLING COMPANY, and KEURIG DR. PEPPER INC (collectively, "Defendants"), by and through their respective counsel for purposes of governing the confidentiality designation of documents produced in this action.

## I.  **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that the parties must follow and the standards that will be applied when a party seeks permission from the court to file material under seal.

## II.  **GOOD CAUSE STATEMENT**

This action is likely to involve proprietary customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third

parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case

## III.   DEFINITIONS

   3.1   Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

   3.2   "CONFIDENTIAL" Information or Items: Information (regardless of how it is generated, stored or maintained) or tangible things that that the party or non-party concludes in good faith contains information involving trade secrets, nonpublic confidential business or financial information or personal information subject to protection under federal law or the law of any other applicable jurisdiction. Confidential Information includes, without limitation, the addresses, telephone numbers, social security numbers and other personal identifying information of persons who are not named parties in this action.

   3.3   Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

3.4 <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

3.5 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

3.6 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

3.7 <u>House Counsel</u>: attorneys employed or retained by a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

3.8 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

3.9 <u>Outside Counsel of Record</u>: attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

3.10 <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

3.11 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

3.12 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or

demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

3.13 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

3.14 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

## IV. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

## V. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and

exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## VI. DESIGNATING PROTECTED MATERIAL

6.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

6.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) and 5.3 below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has

1  indicated which material it would like copied and produced. During the inspection
2  and before the designation, all of the material made available for inspection shall be
3  deemed "CONFIDENTIAL." After the inspecting Party has identified the documents
4  it wants copied and produced, the Producing Party must determine which documents,
5  or portions thereof, qualify for protection under this Order. Then, before producing
6  the specified documents, the Producing Party must affix the appropriate legend to
7  each page that contains Protected Material.

8      (b) for testimony given in deposition or in other pretrial or trial proceedings,
9  that the Designating Party identify on the record, before the close of the deposition,
10 hearing, or other proceeding, that the deposition, hearing, or other proceeding
11 contains references to Protected Materials. Thereafter, the entire transcript of any
12 deposition, hearing, or other proceeding so designated shall be treated as if designated
13 "CONFIDENTIAL" until 30 days after delivery of the transcript, during which period
14 counsel for any party or non-party may designate any sections of the transcript as
15 "CONFIDENTIAL." Once the 30-day period expires, any parts of the transcript that
16 have not been designated "CONFIDENTIAL" shall be treated as non-confidential.

17     Parties shall give the other parties notice if they reasonably expect a
18 deposition, hearing or other proceeding to include Protected Material so that the other
19 parties can ensure that only authorized individuals who have signed the
20 "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those
21 proceedings. The use of a document as an exhibit at a deposition shall not in any way
22 affect its designation as "CONFIDENTIAL."

23     Transcripts containing Protected Material shall have an obvious legend on the
24 title page that the transcript contains Protected Material, and the title page shall be
25 followed by a list of all pages (including line numbers as appropriate) that have been
26 designated as Protected Material. The Designating Party shall inform the court
27 reporter of these requirements.
28

(c) <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."

6.3 <u>Inadvertent Failures to Designate</u>. If a Producing Party discovers that "CONFIDENTIAL" information or items that it produced were not designated as Protected Material, the Producing Party may notify all Receiving Parties of the error and identify the affected information or items and their new designation. Thereafter, the information or items so designated will be treated as Protected Material. After providing such notice, the Producing Party shall provide re-labeled copies of the information or items to each Receiving Party reflecting the change in designation.

An inadvertent failure to designate qualified information or items does not waive the Designating Party's right to secure protection under this Order for such material. Upon correction of a designation, the Receiving Parties must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. Upon receiving the Protected Material with the correct confidentiality legend, the Receiving Parties shall update the images in their discovery databases accordingly and shall destroy copies of incorrectly designated Protected Materials. Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected Material.

**VII. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>**

Any party to whom "CONFIDENTIAL" information is produced or disclosed, or to whose counsel such information is produced or disclosed, may object at any time to the "CONFIDENTIAL" designation. The objection shall be made in writing to counsel for the Designating Party and state: (i) the specific information subject to the objection; and (ii) the basis for the objection. Counsel shall confer in good faith in an effort to resolve any dispute concerning such designation. If the objection cannot be

resolved by agreement within 10 business days of the date of service of the written objection, the objecting party shall move the Court under Local Rule 37, including the joint stipulation provision, on or before the twentieth (20th) business day following the date of such written objection, for an order that the information at issue is not to be considered and treated as "CONFIDENTIAL" within the meaning of this Order. The Designating Party asserting the "CONFIDENTIAL" designation shall have the burden of showing why such information is entitled to confidential treatment.

## VIII. ACCESS TO AND USE OF PROTECTED MATERIAL

8.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

8.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) witnesses, other than expert witnesses and consultants, in connection with preparation to testify, deposition testimony, or to provide declarations in this action who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

## IX. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

9
STIPULATION AND [PROPOSED] PROTECTIVE ORDER

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## X. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

## XI. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A, and not use the Protected Material further or for any prohibited purpose under this Protective Order.

## XII. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). The receiving Party shall immediately return or destroy all copies of such documents, testimony, information and/or things to the producing Party, shall provide a certification of counsel that all inadvertently disclosed materials have been returned or destroyed, and shall not use such items for any purpose until further order of the Court. In all events, such return or destruction and certification must occur within five (5) business days of receipt of notice or discovery of the inadvertent disclosure. The return of any Discovery Material to the Disclosing Party shall not in any way preclude the Receiving Party from moving the Court for a ruling that the disclosed information is not privileged. Pursuant to Federal Rule of Evidence 502(d) and 502(e), the privilege or protection afforded to Protected Material is not waived by the disclosure, inadvertent or otherwise, in connection with this litigation, and is also not a waiver in any other federal or state proceeding.

## XIII. MISCELLANEOUS

13.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

13.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3 <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order, a Party may not file in the public record in this

action any Protected Material. A Party that seeks to file Protected Material must comply with Civil Local Rule 79-5.2.2.

## XIV. **FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, BY COUNSEL OF RECORD.

Date: March 18, 2022        MCKOOL SMITH HENNIGAN, P.C

By: */s/ Kirk D. Dillman*
    Kirk D. Dillman
    Michael John Miguel
    Makenna A. Miller

Attorneys for Plaintiff,
NEUROBRANDS, LLC


SKADDEN, ARPS, SLATE, MEAGHER
   & FLOM LLP

By: */s/ Peter B. Morrison*
    Peter B. Morrison
    Virginia Milstead
    Raza Rasheed
Attorneys for Defendants,
THE AMERICAN BOTTLING
COMPANY and KEURIG DR. PEPPER,
INC.

## [PROPOSED] ORDER

Having reviewed the STIPULATED PROTECTIVE ORDER and good cause appearing therefor, it is hereby ordered.

    IT IS SO ORDERED.

Date: March 22, 2022        \_\_\_\_/ s / Sagar_____
    Hon. Alka Sagar
    United States Magistrate Judge

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of NEUROBRANDS, LLC v. THE AMERICAN BOTTLING COMPANY; and KEURIG DR. PEPPER INC., Case No. 2:21-cv-01772-FLA(ASx), in the United States District Court for the Central District of California.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____